FILED
CLERK
12/21/2015 9:38 am

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
FRANCESCA CAPITELLI,

                Plaintiff,

   -against-

RIVERHOUSE GRILL, INC., JC COVE RESTAURANT & BAR, JANE DUGAN, TIFFANY DUGAN, JIMMY VILLANI and ARMANDO ESCOBEDO,

                Defendants.
----------------------------------------------------------------x

**DECISION AND ORDER**
15-cv-2638(ADS)(ARL)

**APPEARANCES:**

**Famighetti & Weinick, PLLC**
*Attorneys for the Plaintiff*
155 Pinelawn Rd., Suite 220S
Melville, NY 11747
      By:   Peter J. Famighetti, Esq.
               Matthew Brian Weinick, Esq., Of Counsel

**Law Offices of Eliot F. Bloom**
*Attorney for the Defendants*
1551 Kellum Place, 2nd Floor
Mineola, NY 11501

**SPATT, District Judge:**

      Presently before the Court is a motion by the Plaintiff Francesca Capitelli ("Capitelli" or the "Plaintiff"), pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6), to dismiss the counterclaim asserted by the Defendants Riverhouse Grill, Inc., JC Cove Restaurant & Bar, Jane Dugan, Tiffany Dugan, Jimmy Villani, and Armando Escobedo (collectively, the "Defendants").

1

For the reasons that follow, the motion is granted.

## I. Background

On May 7, 2015, the Plaintiff commenced this wage-and-hour, employment discrimination, and retaliation action against the Defendants, alleging violations of the federal Fair Labor Standards Act, the New York Labor Law, Title VII of the Civil Rights Act of 1964, the New York Human Rights Law, and the New York common law.

On July 10, 2015, the Defendants filed an answer to the complaint, substantially denying Capitelli's allegations, and asserting a single counterclaim, as follows:

> Defendants seek attorney's fees and the costs and disbursements of this action and any and all other relief to which the Defendants are entitled based on this frivolous action being brought by the Plaintiff.

Ans. ¶ 13.

Four days later, on July 14, 2015, the Plaintiff filed the instant motion, seeking dismissal of this counterclaim on the grounds that it fails to state a claim upon which relief may be granted. In particular, Capitelli asserts that the answer does not set forth any factual allegations to support the Defendants' conclusion that the complaint is "frivolous."

To date, the Defendants have not responded to the Plaintiff's motion. Accordingly, the Court deems Capitelli's request unopposed.

## II. Discussion

"A motion to dismiss a counterclaim is evaluated under the same standard as a motion to dismiss a complaint." Orientview Techs. LLC v. Seven for all Mankind, LLC, 13-cv-0538, 2013 U.S. Dist. LEXIS 111107, at *14-*15 (S.D.N.Y. Aug. 7, 2013). In particular, to survive a motion to dismiss under Rule 12(b)(6), a counterclaim "must plead 'enough facts to state a claim to relief that is plausible on its face,' Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), and 'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged,' Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)." Otis-Wisher v. Medtronic, Inc., 14-cv-3491, 2015 U.S. App. LEXIS 9565, at *2 (2d Cir. June 9, 2015).

In this regard, "[a] complaint which consists of conclusory allegations unsupported by factual assertions fails even the liberal standard of Rule 12(b)(6)." De Jesus v. Sears, Roebuck & Co., 87 F.3d 65, 70 (2d Cir. 1996) (quoting Palda v. General Dynamics Corp., 47 F.3d 872, 875 (7th Cir. 1995)) (affirming dismissal of claims where "the pleadings [were] devoid of any specific facts or circumstances supporting" the legal conclusions), cert. denied, 519 U.S. 1007, 17 S. Ct. 509, 136 L. Ed. 2d 399 (1996); see Manny v. Reichert, 13-cv-4413, 2014 U.S. Dist. LEXIS 137715 (E.D.N.Y. Sept. 26, 2014) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations") (quoting Iqbal, 566 U.S. at 679).

The Court notes that, even where a motion stands unopposed, as it does here, the Plaintiff is required to establish her entitlement to relief. See Lichtenstein v. Reassure Am. Life Ins. Co., 07-cv-1653, 2009 U.S. Dist. LEXIS 23656, at *18 (E.D.N.Y. May 23, 2009) ("The court typically applies the same Rule 12(b)(6) standard to unopposed motions to dismiss").

Applying these standards, and drawing all reasonable inferences in favor of the Defendants, the Court finds that the counterclaim fails to state a cognizable claim for relief. In the Court's view, the Defendants' single-sentence allegation that the complaint is "frivolous" is precisely the type of unsupported legal conclusion that other courts have declined to accept as true, and which cannot sustain the Defendants' burden to pass Rule 12 muster. See, e.g., Iqbal, 566 U.S. at 679 ("[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth"). As the Plaintiff points out, the Defendants do not state *any* factual assertions in support of their counterclaim, let alone sufficiently specific facts that would "nudge" their counterclaim "across the line from conceivable to plausible." Twombly. 550 U.S. at 570; id. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level"); Achtman v. Kirby, McInerney & Squire, LLP, 464 F.3d 328, 337 (2d Cir. 2006) ("Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to [defeat] a motion to dismiss").

4

Further, despite the Plaintiff's facial challenge to the sufficiency of the counterclaim, the Defendants did not respond to the instant motion in any way. Under these circumstances – and under the precedents of <u>Twombly</u>, <u>Iqbal</u>, and their progeny – the Court can discern no rational basis for allowing the counterclaim to proceed in this litigation. Accordingly, the Court grants the Plaintiff's motion to dismiss the Defendants' counterclaim.

### III. Conclusion

Based on the foregoing, the Plaintiff's motion to dismiss is granted.

It is **SO ORDERED**

Dated:   Central Islip, New York
         December 21, 2015          */s/ Arthur D. Spatt*_____
                                    ARTHUR D. SPATT
                                    United States District Judge

5